ACEVEDO, APPELLANT, *v.* THE REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Construction.

No. 241.—Decided December 7, 1915.

COMMUNITY PROPERTY—CONJUGAL PARTNERSHIP—DIVORCE—RECORD OF TITLE.—
After a marriage is dissolved neither of the former spouses is competent to decide to whom the property belongs and to record such decision in the registry of property, but the partnership should be liquidated in accordance with the rules prescribed by law.

The facts are stated in the opinion.
*Mr. Rafael Arce Rollet* for the appellant.
The respondent registrar did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On June 22, 1915, Nicasia Acevedo Nieves appeared before a notary public in Caguas and executed an instrument which stated in substance that she was married to Eugenio Díaz and obtained a decree of divorce in her favor; that during the wedlock her husband was granted the usufruct of a lot belong-

ing to the municipality of Caguas on which a house was built with funds of the conjugal partnership; that an attempt had been made to attach the house as property of Díaz, and that she executed the said instrument on that account and in order that the house might be recorded in the registry as community property.    Upon the presentation of the instrument for the said purpose the registrar refused to admit the same to record because "it did not show the nature of the right sought to be recorded"; because the "said instrument has been executed without the intervention and consent of Eugenio Díaz"; and because the said. Nicasia Acevedo lacks "legal capacity to execute the said instrument alone, inasmuch as the marriage between the said Nicasia Acevedo and Eugenio Díaz was dissolved by a decree which was transcribed in the instrument."

In our opinion the refusal of the registrar is justified.

Although the party to the instrument was married, her marriage was dissolved prior to the date of the instrument. A divorce (section 173 of the Civil Code) carries with it a complete dissolution of all matrimonial ties and the division of all property and effects between the parties to the marriage. The community of goods terminates (section 1330 of the Civil Code) when the marriage is dissolved in the cases indicated in said code.    One of those cases is divorce.    Section 163, subdivision 2, of the Civil Code.    And after the partnership is dissolved, neither of the former partners alone is competent to decide to whom the property belongs and to record his decision in the registry of property, but the partnership should be liquidated in accordance with the rules prescribed by law.    Section 1331 *et seq.* of the Civil Code.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey, and Hutchison concurred.